S12A1068. BURGESS v. LIBERTY COUNTY BOARD OF
ELECTIONS et al.
(733 SE2d 774)

NAHMIAS, Justice.

Douglas Burgess appeals the trial court's order denying his challenge to the result of the November 8, 2011 election to fill a seat on the Hinesville City Council. We affirm.

1. Appellant was a member of the Allenhurst City Council until April 2011. On September 1, 2011, Appellant paid the qualifying fee and filed a declaration of intent to run for the fourth district seat on the Hinesville City Council. Pursuant to the election contest provisions of OCGA § 21-2-6 (b), several eligible fourth district voters filed written complaints with the Liberty County Board of Elections and Registration ("Board"), alleging that Appellant did not meet the

12-month district residency requirement of the Hinesville City Charter. On September 23 and October 14, 2011, after holding separate hearings with different evidence, the Board entered unanimous orders on two complaints filed by different voters, disqualifying Appellant for failure to satisfy the residency requirement. Each order informed Appellant that his name would be withheld from the ballot and advised him of his right to appeal "by filing a petition in the Superior Court of Liberty County within ten (10) days after the entry" of the order. See OCGA § 21-2-6 (e).

Acting pro se, on October 3, 2011, Appellant timely appealed the September 23 disqualification order to the trial court, but he did not appeal the October 14 disqualification order. On October 31, 2011, the trial court entered an order denying Appellant's petition to appeal the first disqualification order on the ground that it was moot because he failed to appeal the second disqualification order as well. Appellant filed a timely notice of appeal to the Court of Appeals, which correctly transferred the appeal to this Court, as this is an election contest case. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (2); *Cook v. Bd. of Registrars of Randolph County*, 291 Ga. 67, 70-71 (727 SE2d 478) (2012). On November 7, 2011, we denied Appellant's motion for an emergency stay.

2. Appellant contends that the trial court erred in denying his petition challenging the Board's September 23 disqualification order. However, as the trial court explained, Appellant failed to appeal the Board's October 14 disqualification order, which was based on a separate Board complaint filed by different voters and was entered after a second hearing at which different evidence was presented. As a result, reversal of the earlier disqualification order alone would have done Appellant no good, as the later disqualification order still would have remained in effect. See *Pimper v. State of Ga.*, 274 Ga. 624, 626 (555 SE2d 459) (2001) ("An appeal is moot when it seeks to determine an issue which, if resolved, cannot have any practical effect on the underlying controversy . . . ."). Thus, the trial court correctly determined that Appellant's challenge to the September 23 order was moot, making it subject to dismissal. Although the trial court denied Appellant's election challenge rather than dismissing it as moot, that judgment will be affirmed on appeal under these circumstances. See *Smith v. State*, 290 Ga. 856, 856 (725 SE2d 279) (2012) (affirming trial court's denial of motion in arrest of judgment even though it was untimely and could have been dismissed on that ground). Accordingly, we affirm.

*Judgment affirmed. All the Justices concur.*

Decided October 29, 2012.

Douglas Burgess, *pro se*.
*Jones, Osteen & Jones, L. Kelly Davis*, for appellees.